UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NATHAN GARCED,

      Plaintiff,

v.                              Case No: 2:15-cv-705-FtM-29MRM

BILL PRUMMELL, Sheriff, EARL
GOODWYNE,    Major,    PAUL
DEMPSTER, Corporal, JESSICA
LONG,  Lt.,  MELISA  TURNEY,
Captain,    and    TAMATHA
POULTON, Programs,

      Defendants.

_____

## OPINION AND ORDER

Plaintiff Nathan Garced ("Plaintiff") is a prisoner at the Charlotte County Jail in Punta Gorda, Florida. Proceeding *pro se*, Plaintiff initiated this action against Sheriff Bill Prummell, Major Earl Goodwyne, Corporal Paul Dempster, Lt. Jessica Long, Captain Melisa Turney, and Tamatha Poultan by filing a complaint pursuant to 42 U.S.C. § 1983 (Doc. 1, filed November 12, 2015).

Because Plaintiff seeks leave to proceed *in forma pauperis* (Doc. 2), his complaint must be reviewed to determine whether it is frivolous, malicious, or fails to state a claim upon which relief may be granted. See 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii). Upon review, the Court concludes that Plaintiff has failed to present an actionable claim and that dismissal of this case is

warranted.  However, Plaintiff will be provided an opportunity to amend his complaint to state a claim.

## I.  <u>Legal Standards</u>

A federal district court is required to review a civil complaint filed *in forma pauperis* and to dismiss any such complaint that is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915.  In essence, § 1915(e)(2) is a screening process to be applied *sua sponte* and at any time during the proceedings.  The mandatory language of 28 U.S.C. § 1915 applies to all proceedings *in forma pauperis*.  The section provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that-
>
> (A)  the allegation of poverty is untrue; or
>
> (B) the action or appeal-
>
>> (i)      is      frivolous      or malicious;
>>
>> (ii)     fails to state a claim on which relief may be granted; or
>>
>> (iii)    seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

In making the above determinations, all factual allegations in the complaint must be viewed as true. Brown v. Johnson, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, the Court must read the plaintiff's *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972).

A complaint may be dismissed as frivolous under § 1915(e)(2)(B)(i) where it lacks an arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit or the claim seeks to enforce a right that clearly does not exist. Id. at 327.

Dismissals under 28 U.S.C. § 1915(e)(2)(ii) for failure to state a claim are governed by the same standard as Rule 12(b)(6) of the Federal Rules of Civil Procedure. Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997). Under Rule 12(b)(6), a complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face. See Bell Atl. Corp v. Twombly, 550 U.S. 544 (2007) (retiring the "no set of facts" language previously used to describe the motion to dismiss standard and determining that because the plaintiffs had not nudged their "claims across the line from conceivable to plausible," their complaint must be dismissed for failure to state a claim). A complaint is also subject to dismissal under Rule 12(b)(6) "when its allegations, on their face, show that an affirmative defense

bars recovery on the claim." <u>Cottone v. Jenne</u>, 326 F.3d 1352, 1357 (11th Cir. 2003).

## II.  Complaint

Plaintiff asserts that he put in two request forms seeking legal material to assist in preparing his state appellate brief (Doc. 1 at 5).  He asserts that he is being denied access to the courts due to the Charlotte County Jail's unconstitutional policy of allowing each inmate only four "case laws" per week.  <u>Id.</u> at 6.  He asserts that this limitation makes it impossible for him to timely file his appellate brief. <u>Id.</u>

As relief, Petitioner seeks $328,800.00 in damages and asks this Court to advise the Charlotte County Jail that "all inmates have access to legal materials as needed pertaining to their cases, no matter what, if they are pro se litigants or represented by private attorneys." (Doc. 1 at 6).

## III. Analysis

Taking the allegations of the complaint as true and construing them in the light most favorable to Plaintiff, they fail to state an actionable § 1983 claim against any named defendant.

### A.   Plaintiff's claims for compensatory and punitive damages are barred by 42 U.S.C. § 1997e(e)

Plaintiff cannot obtain the monetary relief he seeks. Plaintiff seeks $328,800.00 in monetary damages (Doc. 1 at 6). However, the Prison Litigation Reform Act provides that "[n]o

Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act[.]" 42 U.S.C. § 1997e(e).

The Eleventh Circuit has addressed the implications of § 1997e(e) and concluded that "the phrase 'Federal civil action' means all federal claims, including constitutional claims." Napier v. Preslicka, 314 F. 3d 528, 532 (11th Cir. 2002) (citing Harris v. Garner, 216 F.3d 970, 984–85 (11th Cir. 2000) (en banc)); Al-Amin v. Smith, 637 F.3d 1192, 1197 (11th Cir. 2011) (noting that § 1997e(e) applies to all constitutional claims and does not distinguish between constitutional claims frequently accompanied by physical injury and those rarely accompanied by physical injury).

The instant § 1983 action is a "Federal civil action" under this definition. Further, it is undisputed that Plaintiff filed his complaint while imprisoned, and that the harm complained of occurred while he was in custody. However, he alleges no physical injury. Accordingly, Plaintiff's claims for monetary damages are dismissed.

**B.   Plaintiff has not stated a claim for injunctive relief**

The United States Constitution guarantees prisoners a meaningful right of access to the courts. Lewis v. Casey, 518 U.S.

343, 350 (1996) (citing <u>Bounds v. Smith</u>, 430 U.S. 817, 821 (1977)). Reasonable access to a law library is one means of ensuring a prisoner's access to the courts. <u>Id.</u> at 351 (citing <u>Bounds</u>, 430 U.S. at 828).

Reasonable access does not mean unlimited access, and prison officials may place reasonable restrictions on inmates' use of facility law libraries. <u>See</u> <u>Shango v. Jurich</u>, 965 F.2d 289, 293 (7th Cir. 1992) (prisoner was not denied access to courts because prison's law library was closed nights, weekends, and holidays, and at other times due to look-down, construction, or shortage of guards or librarians, absent any evidence of any detriment or prejudice suffered by prisoner in any litigation); <u>Oltarzewski v. Ruggiero</u>, 830 F.2d 136, 138 (9th Cir. 1987) ("prison officials may place reasonable limitations on library access in the interest of the secure and orderly operation of the institution"); <u>Walker v. Mintzes</u>, 771 F.2d 920, 931 (6th Cir. 1985) (Constitution does not mandate "any specific amount of library time which prisoners must be provided; rather, access need only be reasonable and adequate").

Moreover, with respect to access-to-court claims, <u>Lewis</u> clarifies that a plaintiff first must show actual injury before seeking relief under <u>Bounds</u>. <u>See</u> <u>Bass v. Singletary</u>, 143 F.3d 1442, 1444 (11th Cir. 1998). This essential standing requirement means that prison officials' actions that allegedly violate an inmate's right of access to the courts must have impeded the inmate's

pursuit of a non-frivolous, post-conviction claim or civil rights action. Id. at 1445. To prevail, a plaintiff must provide evidence of such deterrence, such as a denial or dismissal of a direct appeal, habeas petition, or civil rights case that results from actions of prison officials. Id. at 1446. "Therefore, in an access-to-courts claim, 'a plaintiff cannot merely allege a denial of access to a law library or adequate attorney, even if the denial is systemic.'" Wilson v. Blankenship, 163 F.3d 1284, 1291 (11th Cir. 1998) (quoting Sabers v. Delano, 100 F.3d 82, 84 (8th Cir. 1996)). Rather, a plaintiff must demonstrate that the lack of a law library or inadequate access to counsel hindered his "efforts to proceed with a legal claim in a criminal appeal, postconviction matter, or civil rights action seeking to vindicate basic constitutional rights." Id.

Plaintiff admits that his appellate brief is not yet due (Doc. 1 at 6). Accordingly, he cannot demonstrate actual injury giving rise to a violation of his access to the courts at this time.

### III. Conclusion

Although Plaintiff's complaint fails to state a claim, in an abundance of caution, he will be provided an opportunity to file an amended complaint that comports with the strictures of this Order. Should Plaintiff decide to file an amended complaint, it must be submitted within **TWENTY-ONE (21) DAYS** from the date on this Order, be captioned "Amended Complaint," and bear the same

docket number as this Order. Plaintiff is advised that the amended complaint will completely replace the original complaint.

**If Plaintiff does not file an amended complaint within this time period, the complaint will be dismissed without prejudice and the case will be closed.**

**DONE** and **ORDERED** in Fort Myers, Florida on this __18th__ day of November, 2015.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE


SA: OrlP-4
Copies: Nathan Garced
42 U.S.C. § 1983 Civil Rights Complaint Form